# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL GALLO, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 07-cv-32-MJR |
| ADRIAN FEINERMAN, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate at the Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. §§ 1983 and 1985(3). Plaintiff seeks damages for allegedly being deprived of medical care in violation of his Eighth Amendment rights and for an alleged conspiracy to deprive him of his rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**

Plaintiff alleges that he has ulcerative colitis which he describes as "a chronic non-specified inflammatory and ulcerative disease arising in the colon musosa, characterized most often by blood[y] diarrhea." Plaintiff alleges that he has suffered from this condition for approximately 10 years. Plaintiff also states that he suffers from GERD.[1]

Plaintiff states that since February 2004[2] he has been forced to take his medication for his condition on an empty stomach, which is against AMA recommendations.[3] Plaintiff contends that Defendant Ahmed refused to schedule the distribution of his medication closer to meal time. Exhibits attached to the complaint indicate that Plaintiff was ultimately allowed to self-administer his medication. These exhibits also indicate that Plaintiff exhausted his administrative remedy on April 27, 2004, when the Administrative Review Board denied his grievance.

Plaintiff alleges that on or about August 27, 2004, Defendant Ahmed cancelled his prescription for Prevacid and, instead, substituted a prescription of Prilosec OTC . Plaintiff claims that the Prilosec increased the "amount of blood, pus and mucus" in his stool. When Plaintiff complained to Defendant Ahmed, Ahmed responded by telling Plaintiff "I'm the boss and your not getting what you want." Exhibits attached to the complaint indicate that Plaintiff exhausted his administrative remedy on October 20, 2004, when the Administrative Review Board denied his

---

[1]The Court assumes GERD stands for gastroesophageal reflux disease.

[2]The allegations of Plaintiff's complaint occurred while he was confined at Menard Correctional Center. As noted above, Plaintiff is currently confined at Stateville Correctional Center.

[3]Plaintiff contends that his medications should be taken 1 hour before eating a meal or up to 2 hours after eating a meal.

grievance concerning this matter.

Plaintiff asserts that on July 29, 2005, Defendant Feinerman discontinued his prescription for Prevacid - a prescription that had been written by Dr. Krieg (not a defendant) on July 14, 2005. Exhibits attached to the complaint indicate that Defendant Feinerman discontinued Prevacid because it is no longer part of the prison's formulary (list of approved prescription medications). Plaintiff does not contest the reason provided for discontinuing Prevacid. Rather he challenges Defendant Feinerman's actions after he canceled the Prevacid prescription.

In lieu of Prevacid, Defendant Feinerman provided Plaintiff with a prescription for Prilosec OTC. Plaintiff claims that he is "allergic" to Prilosec because it causes him severe abdominal pain, cramping, increased bowel movements (containing blood and mucus), joint pain, nausea, chest pains, swollen tongue, and inflamed colon. Following Plaintiff's complaint concerning the drug, Plaintiff states that Defendant Feinerman canceled the prescription for Prilosec, but has not prescribed any other medication for his GERD. Dr. Feinerman apparently contends that there is insufficient evidence that Plaintiff is allergic to Prilosec. Plaintiff contends that his medical records show that he has had an "allergic" reaction to Prilosec.

Finally, Plaintiff alleges that Defendant Feinerman "refused to provide him effective medical treatment . . . for migraine head aches and tension, neck and spinal pain." In his grievances - which are attached to the complaint - Plaintiff claimed only that Defendant. Feinerman refused to *prescribe* him Tylenol. Instead, Defendant Feinerman told Plaintiff to purchase Tylenol from the commissary.

For Count I of his complaint, Plaintiff alleges that he has been denied adequate medical care in violation of his Eighth Amendment rights. For Count II of his complaint, Plaintiff alleges that the Defendants conspired to violate his constitutional rights in violation of §§ 1983 and 1985(3).

**DISCUSSION**

**A. Claim concerning timing of medication and change in prescription made by Defendant Ahmed.**

Plaintiff's claim that Defendant Ahmed violated his Eighth Amendment rights by refusing to order his medication be distributed closer to Plaintiff's meal time and by canceling his prescription for Prevacid, should be dismissed because they are time barred.

Section 1983 claims arising in Illinois are governed by a two-year statute of limitations. *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). In this case, the incidents in question happened in February and August 2004. Plaintiff exhausted his administrative remedies regarding these incidents in April and October 2004. Plaintiff's § 1983 action concerning these incidents should have been filed within two years, or by April 2006 (timing of the medication) and October 2006 (change in prescription).. However, Plaintiff did not file this action until January 12, 2007, well over a year too late. Because Plaintiff's complaint was not filed within the statute of limitations period, his claim does not survive review under 28 U.S.C. § 1915A.

**B. Claim that Defendant Feinerman changed his prescription**.

Plaintiff's claim that Defendant Feinerman changed his prescription in July 2005, does not appear to be time barred. The Court concludes, though, that Plaintiff's allegations fail to state a claim upon which relief may be granted.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is

4

the provision of medical treatment other than that preferred by the inmate. *Estelle*, 429 U.S. at 107. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> In order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege "'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,'" *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir. 1985), *quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). "[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth [v. Franzen]*, 780 F.2d [645,] 652-53 [(7th Cir. 1985), *cert. denied*, 107 S.Ct. 71 (1986)]. Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653.

*Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Allegations of "refusal" to provide medical care, without more, will not establish deliberate indifference, nor will delay, even if serious injury results. *Id.*

In this case, the allegations and attached exhibits reveal that Plaintiff has received extensive treatment for his medical condition. Furthermore, as noted above, the exhibits attached to the complaint indicate that Defendant Feinerman discontinued the prescription for Prevacid because it was no longer on the prison's formulary. Plaintiff does not allege Defendant Feinerman changed the prescription for a different reason.. As such, it can hardly be said that Defendant Feinerman acted with "deliberate indifference" in discontinuing the prescription for Prevacid. Additionally, Defendant Feinerman prescribed Plaintiff an alternative medication: Prilosec OTC. When Plaintiff reported to Defendant Feinerman that the Prilosec caused him problems, Defendant Feinerman discontinued it. To be sure, Plaintiff is now complaining about the total lack of medication, but he refuses to take an available medication (because of the side-effects) and the other medication is no longer on the prison's approved list. These allegations do not indicate "deliberate indifference" to

5

Plaintiff's medical condition and, therefore, this claim should be dismissed pursuant to § 1915A.

**C. Claim concerning migraine.**

Plaintiff's allegation that Defendant Feinerman told him to purchase the Tylenol for his migraine headaches and other pains - rather than giving Plaintiff a prescription for it - does not constitute "deliberate indifference" and, therefore, does not violate Plaintiff's Eighth Amendment rights. *Cf. Reynolds v. Wagner*, 128 F.3d 166, 174 (3rd Cir. 1997) (prisoner co-payment plan does not violate the Eighth Amendment); *Shapley v. Nevada Bd. of State Prison Commissioners*, 766 F.2d 404, 408 (9th Cir. 1985) (nothing *per se* unconstitutional about charging an inmate $3 for every medical visit; such a charge, by itself, did not constitute deliberate indifference under *Estelle*); *Hudgins v. DeBruyn*, 922 F.Supp. 144, 150-52 (S.D.Ind. 1996) (prisoner co-payment plan does not violate the Eighth Amendment); *Martin v. DeBruyn*, 880 F.Supp. 610, 615 (N.D.Ind. 1995), *aff'd*, 116 F.3d 1482 (7th Cir. 1997) (Eighth Amendment guarantees only that inmates receive necessary medical care; it does not guarantee free medical care).

**D. Conspiracy claims.**

Conspiracy is not an independent basis of liability in § 1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). "There is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996). Having determined that Plaintiff's other allegations do not state a claim that Plaintiff's constitutional rights have been violated, Plaintiff's conspiracy claim must be dismissed.

Plaintiff's § 1985(3) claim must also be dismissed. Section 1985(3) prohibits a conspiracy to deprive another of equal protection under the law, but the conspiracy must be motivated by racial,

6

or other class-based discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002). Nothing in the complaint indicates that Plaintiff was denied equal protection of the law. Moreover, Plaintiff does not allege that the Defendants were motivated by racial or other class-based discriminatory animus. Therefore, this claim must be dismissed.

## DISPOSITION

Accordingly, this action is **DISMISSED with prejudice**. Plaintiff is **ADVISED** that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion to activate his civil complaint (Doc. 8) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 9) is **DENIED**.

**DATED this 9th day of February, 2009.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**