# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARL GALLO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 07-cv-32-MJR** |
| ) | |
| **ADRIAN FEINERMAN,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on Plaintiff's motion to reconsider (Doc. 14) and his motion for a speedy and inexpensive disposition (Doc. 15).

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992).  When, as here, the motion is filed within 10 days of the entry of judgment,[1] whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or

---

[1] Plaintiff states that he deposited his motion for reconsideration in the prison mail on February 20, 2009.

label affixed to it. *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006). When the substance and the label of the post-judgment motion are not in accord, district courts are directed to evaluate it "based on the reasons expressed by the movant." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008) (*quoting Jennings v. Rivers,* 394 F.3d 850, 855 (10th Cir. 2005)).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). Plaintiff asserts that the Court erred as a matter of law in dismissing his complaint pursuant to 28 U.S.C. § 1915A and, therefore, the Court will analyze the motion pursuant to Rule 59(e).

Plaintiff contends that his claim concerning the refusal to provide him a colonoscopy is not time-barred. Even if not time-barred, however, this claim would be dismissed because it merely reflects a disagreement between Plaintiff and prison doctors over treatment methods which does not rise to the level of a constitutional violation. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment). Additionally, Plaintiff claims in his motion that his medications were changed without anyone examining him or consulting his medical records. This claim, however, is contradicted by Plaintiff's allegation in the complaint that the changes were made during (or after) "interviews or serious medical condition monitoring."

Consequently, upon review of the record, the Court remains persuaded that its ruling

dismissing the case pursuant to 28 U.S.C. § 1915A was correct. Therefore, the instant motions (Docs 14 and 15) are **DENIED**.

**IT IS SO ORDERED**.

**DATED this 21st day of September, 2009.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**