IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL GALLO, #B-18014, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 07-cv-32-MJR |
| ) | |
| ADRIAN FEINERMAN, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER
## ON REMAND

**REAGAN, District Judge:**

**Procedural History:**

This case returns to the district court after the Seventh Circuit Court of Appeals affirmed in part and reversed in part the undersigned's dismissal, upon threshold review, of the complaint pursuant to 28 U.S.C. § 1915A. The matter was remanded for further proceedings consistent with the appellate court's order.

**Facts:**

Plaintiff suffers from ulcerative colitis and gastroesophageal reflux disease. Plaintiff was treated for these conditions when he was prescribed the drug Prilosec by a prison physician. Some time after this, but before August 2005, Plaintiff was taken off Prilosec due to reactions he had to the drug (namely nausea, chest pains, rashes, and excessive bowel movements) and placed instead on the drug Prevacid. Defendant Feinerman then took over as Plaintiff's doctor in August 2005. After reviewing Plaintiff's medical history, Defendant Feinerman cancelled Plaintiff's Prevacid

prescription, and instead instructed Plaintiff that he must take Prilosec or nothing. Ultimately Plaintiff elected to take nothing, stating that the untreated condition was more bearable than the effects of Prilosec on his body.

**Discussion:**

Plaintiff alleges that Defendant Feinerman's cancellation of the Prevacid prescription in favor of a Prilosec treatment regimen, while knowing Plaintiff's intolerance for the drug, amounted to cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment prohibiting cruel and unusual punishment is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Id.,* (*quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny -- only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *See Rhodes,* 452 U.S. at 346; *See also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *See McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment.

*See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapma*, 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner,* 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires that a prison official had a sufficiently culpable state of mind. *See Wilson*, 501 U.S. at 298; *McNeil*, 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson*, 955 F.2d at 22.

In this instance, Defendant Feinerman had a choice between allowing Plaintiff to remain on

a drug regimen that was treating his condition or prescribing a drug that was known to cause harm to Plaintiff. Defendant Feinerman chose the latter, to prescribe a more harmful drug, and Plaintiff refused to take the drug. As a result, Plaintiff's condition was left effectively untreated. Defendant Feinerman's actions, choosing to prescribe the more dangerous drug over another drug knowing that the chosen drug would cause serious harm to Plaintiff, could amount to a claim for cruel and unusual punishment in violation to Plaintiff's Eighth Amendment rights, and for this reason this claim cannot be dismissed at this time.

**Disposition:**

  **IT IS HEREBY ORDERED** that the Clerk shall prepare for Defendant **FEINERMAN**: (1) a Notice of Lawsuit and Request for Waiver of Service of Summons; and (2) a Waiver of Service of Summons. The Clerk is directed to mail said forms, a copy of the Complaint, and this Memorandum and Order to Defendant Feinerman's work address or employer address as provided by Plaintiff. If Defendant fails to sign and return the Waiver to the Clerk within **30 days** from the date said forms were sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

  **IT IS FURTHER ORDERED** that, if Defendant Feinerman can no longer be found at the address provided by Plaintiff, the Correctional Center shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant Feinerman (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of any document was served on Defendant or his or her counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 27, 2010**

*s/ Michael J. Reagan*
**United States District Judge**